## WYSONG v JOHN HANCOCK MUTUAL LIFE INS' CO

Ohio Appeals, 2nd Dist, Montgomery Co

No 1271.   Decided April 24, 1934

D. H. Wysong, Dayton, for plaintiff in error.

Legler & Murray, Dayton, for defendant in error.

SHERICK, J, sitting by designation.

434

**OPINION**

By SHERICK, J.

It is here maintained by the plaintiff in error that this cause was tried only upon the first cause of action. On the other hand it is contended that all legal matters pertaining to this suit, that is, the first cause of action, as well as the assumption question appearing in the second cause of action was herein tried and presented to the jury. It may be said that the equitable feature of the cause now remains undisposed of and is set for future trial in the Court of Common Pleas.

It becomes very material as to just what portion of this case has been tried. The bill of exceptions before us does not contain the evidence produced in the trial of the case. In fact, the only enlightenment that we are able to obtain therefrom is found in the charge of the court whereby the jury was instructed to return a verdict in favor of the mortgagee, not only as against the maker of the note but also as against the plaintiff in error.

The plaintiff in error first asserts that the cause was only tried upon the first cause of action and that the judgment rendered against her is contrary to law by reason of the fact that she was in nowise a party to the note therein sued upon. If this were the true state as to what has been actually tried in the action in the trial court, this cause in this court would require a reversal.

Having carefully examined the court's charge to the jury, we learn therefrom that something more than the first cause of action was in issue. It is clear from this charge, although it therein appears that the trial court did inadvertently speak of the matter in issue as the first cause of action that evidence was introduced covering the entire legal issue presented by the petition and that the trial was in fact a determination of all legal questions existing between the parties and not a mere trial of but the issue made by the first cause of action. No objection was made to this procedure at the time and no request was made of the plaintiff to separate the legal question of assumption from the equitable issue of foreclosure as the same appeared in the second cause of action.

The presumption obtains that the action of the trial court was right in all that it did and inasmuch as the record before us in nowise gainsays such presumption, this court is bound to presume that the trial court's action in respect to all that was done was in accordance with law.

The second error complained of is that the defendant in error a corporation foreign to Ohio had failed to aver that it had obtained authority to do business in this state as required by law and hence it did not have legal capacity to maintain this action. Might we remind counsel for plaintiff in error that she had failed to make an issue of this fact by the pleadings and from the meager record before us, we are unable to be advised if this question was made an issue by the proof. Again we are compelled to say that this court as a reviewing court is unable to say from the record before us that the trial court erred in any manner in the respect claimed.

We find no error that should work a reversal of the judgment entered on the verdict and the case is of necessity affirmed.

HORNBECK, PJ, and BARNES, J, concur.

**ON APPLICATION FOR REHEARING**

Decided May 28, 1934

By THE COURT

Our attention was called to the fact that there has been filed in the Clerk's Office, in the above entitled cause, under date of May, 1934, a paper designated "Motion." Aside from the caption, the document reads as follows:

"Now comes the plaintiff in error and moves the court for rehearing in this case. (Signed) D. H. Wysong,
Attorney for Plaintiff in Error."

We desire to call attention of counsel to the fact that the rules of the court have not been complied with so as to warrant an application for rehearing. These rules are uniform throughout the state and will be found in Volume 38, Ohio Appellate Reports.

Motion for rehearing is not properly filed with the Clerk of Courts as a paper in the case. The proper procedure is to mail to each of the judges; a copy of motion together with memorandum of points raised and authorities. It is also required that copy be served upon opposite counsel. It

is also required that this be done within 10 days after receipt of original decision.

The motion for rehearing will be over-ruled.

HORNBECK, PJ, SHERICK and BARNES, JJ, concur.